UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-16-282-SS |
| LATASHA RILES,<br>    Defendant | § § § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Quincy L. Ollison, Assistant United States Attorney, and the defendant, LaTasha Riles ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One (1) of the Superseding Criminal Information. Count One charges the Defendant with Contempt of Court in violation of Title 18, United States Code, Section 401 (3). Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2. The statutory maximum penalty for a violation of Title 18, United States Code, Section 401 (3), is imprisonment of not more than Six (6) months and a fine of not more than $1,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of up to one (1) year. *See* Title 18, United States Code, sections 3559(a)(7) and 3583(b)(3). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(7) and 3583(e)(3). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of ten dollars ($10.00) per count of conviction. The payment will be by cashier's check or money order, payable to

the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

5. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal,

3

if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks her conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have received from her counsel, the United States or the Probation Office is a prediction and not a promise, did not induce her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

8. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count One (1) of the Superseding Criminal Information and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss the Indictment in Criminal No. H-16-278 at the time of sentencing;

(b) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines.

### Agreement Binding - Southern District of Texas Only

9. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full

extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

   (d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

   (e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

11. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant, nonetheless, acknowledges and agrees that the Court has authority to

impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

12. Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her

own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

## Factual Basis for Guilty Plea

13. Defendant is pleading guilty because she is in fact guilty of the charges contained in Count One (1) of the Superseding Criminal Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

1). The process for filing a bankruptcy petition is conducted in Bankruptcy Court and is governed by the United States Bankruptcy Code, which is found in Title 11 of the United States Code.

2). An individual may file a petition for one of several types of bankruptcy, commonly referred to as chapters 7, 11, and 13. A debtor is required to complete and file several documents with the Bankruptcy Court to carry out the bankruptcy process. These documents consist of a Petition, which contains summary information about the debtor's financial condition, various bankruptcy schedules, and a Statement of Financial Affairs, which contain, among other things, detailed

information about the debtor's assets, liabilities, recent payments to creditors, past and current income, and anticipated future income. The Petition, Statement of Financial Affairs and Bankruptcy Schedules are required to be signed by the debtor and certified under penalty of perjury that the information contained in them is true and correct. In a Chapter 13 bankruptcy case, a debtor is also required to file a plan to pay back creditors and begin making payments to the Chapter 13 Trustee shortly after filing. In Chapter 13 bankruptcy cases, a Chapter 13 Trustee is appointed in every case to administer the debtor's plan and make payments to creditors.

3). A debtor is required to disclose all creditors to the bankruptcy court so that the court can provide notice to the creditors of the filing of the bankruptcy petition. One purpose of this requirement is to allow the creditors the opportunity to participate in the bankruptcy proceeding and protect their interests.

4). On March 14, 2014, Bankruptcy Judge Karen K. Brown, issued an **ORDER DISMISSING CASE WITH PREJUDICE**, (case no. 14-30394), Docket No. 17, instructing the defendant to pay all unpaid filing fees in the current case and all other bankruptcy cases filed in previous years. Defendant was required to pay the amount of $2,420.00 in the following cases: 14-30394 ($281.00), 13-37717 ($281.00), 13-37440 ($281.00), 13-37028 ($281.00), 13-32212 ($281.00), 13-30580 ($281.00), 11-34301 ($00), 03-30559 ($185.00), 02-43157 ($185.00), 02-32552

9

($00), 01-43484 ($185.00), and 01-38813 ($185.00). However, as of December 9, 2016, the defendant has not paid any amount pursuant to the court's Order; therefore, defendant is in violation of the aforesaid Order.

### Breach of Plea Agreement

14.  If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

15.  This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which

she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which she has an interest, unless Defendant obtains the prior written permission of the United States.

16. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of her assets to deliver all funds and records of such assets to the United States.

18. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

19. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Fines

20. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

21. This written plea agreement, consisting of 16 pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

22. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _December 12_, 2016.

x _LaJasha Reli_
Defendant

Subscribed and sworn to before me on _December 12_, 2016.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _Beau M. Cuiscauch_
Deputy United States District Clerk

APPROVED:

    Kenneth Magidson
    United States Attorney

By: _____   _____
    Quincy L. Ollison                                 Joshua B. Lake
    Assistant United States Attorney      Attorney for Defendant
    Southern District of Texas
    Telephone: 713-567-9000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-16-282-SS |
| LATASHA RILES,<br>Defendant | § § § | |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant her rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____         12/12/16
Joshua B. Lake                          Date
Attorney for Defendant

15

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me.  My attorney has fully explained, and I understand all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.  I have read and carefully reviewed every part of this plea agreement with my attorney.  I understand this agreement and I voluntarily agree to its terms.

_LaTasha Riles_ (signature)    _12-12-2016_
LaTasha Riles            Date
Defendant